IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ADAM GROSCH                                                                                 PLAINTIFF

VS.                                               CIVIL ACTION NO. 2:06CV204-P-A

TUNICA COUNTY, MISSISSIPPI, TUNICA
COUNTY DEPUTY SHERIFF DORNAE MOSBY
AND HOLLYWOOD CASINO CORPORATION                DEFENDANTS

ANSWER AND DEFENSES OF TUNICA COUNTY, MISSISSIPPI AND
DORNAE MOSBY WITH MOTION FOR MORE DEFINITE STATEMENT

Tunica County, Mississippi ("Tunica County") and Dornae Mosby ("Mosby") (collectively "these defendants") answer the complaint as follows:

FIRST DEFENSE

The complaint fails to state a claim against these defendants upon which relief can be granted.

SECOND DEFENSE

This action is barred by the doctrine of sovereign immunity.

THIRD DEFENSE

To the extent that this complaint seeks damages against Mosby in his individual capacity, which appears not to have been pled, Mosby is entitled to be dismissed from this action pursuant to the doctrine of qualified immunity.

FOURTH DEFENSE

The complaint is so vague and ambiguous as to claims against Mosby that these defendants cannot determine whether Mosby is being sued in his individual capacity. These defendants accordingly seek a more definite statement of the plaintiff's intent pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

FIFTH DEFENSE

Answering the allegations of the complaint paragraph by paragraph, these defendants say as follows:

1. In response to paragraph one, these defendants admit that this court has jurisdiction over the parties and this action and admit that venue is proper in this court.

2. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph two.

3. The allegations in paragraph three are admitted.

4. In response to paragraph four, these defendants admit that Mosby is an officer with the Tunica County Sheriff's Department and admit that at all times pertinent to the series of events made the basis of this action, Mosby was acting in the course and scope of his employment with the Tunica County Sheriff's Department. All other allegations in paragraph four are denied.

5. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph six.

6. In response to paragraph seven, these defendants admit that the plaintiff was on the premises of the Hollywood Casino in Tunica County on December 11, 2005. They are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph seven.

7. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eight.

8. In response to paragraph nine, these defendants admit that Mosby went to the Hollywood Casino in response to a request from casino officials. These defendants admit further that Mosby asked for the plaintiff's identification, which was refused, and that the plaintiff was arrested for disorderly conduct. The remaining allegations in paragraph nine are denied.

9. In response to paragraph ten, these defendants admit that following the plaintiff's arrest, he was first taken to a security holding room at the casino where Mosby obtained the plaintiff's identification, searched him and allowed casino personnel access to the plaintiff's identification. The remaining allegations in paragraph ten are denied.

10. In response to paragraph eleven, these defendants admit that the plaintiff was taken to the Tunica County Jail for booking, where he posted bond and was released. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph eleven.

11. In response to paragraph twelve, these defendants admit that the charge of disorderly conduct was dismissed by the Justice Court Judge with costs to be paid by the plaintiff.

12. In response to paragraph thirteen, these defendants are without knowledge or information sufficient to form a belief as to the plaintiff's assertion that he had a right to decline

to show identification to casino officials. The remaining allegations in paragraph thirteen are denied.

13. The allegations in paragraph fourteen are denied.

14. To the extent that the allegations in the second numbered paragraph thirteen are directed toward these defendants, all such allegations are denied.

15. The allegations in the second numbered paragraph fourteen are admitted.

16. To the extent that the allegations in paragraph fifteen are directed toward these defendants, all such allegations are denied.

17. The allegations in paragraph sixteen are directed exclusively toward the Hollywood Casino, and therefore require no response from these defendants. To the extent that paragraph sixteen requires a response from these defendants, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

18. The allegations in paragraph seventeen are denied.

19. In response to the prayer for relief set out in paragraph eighteen, these defendants deny that the plaintiff is entitled to judgment against them, jointly or severally, in any amount whatsoever for any alleged claim or cause of action.

## SIXTH DEFENSE

Punitive damages cannot be justified in this case, and any claim for punitive damages against these defendants would be in violation of the constitutional safeguards provided to these defendants under the constitutions of the State of Mississippi and the United States of America. Specifically:

a. Any imposition of punitive damages against these defendants in this case would violate the due process clauses of the fourteenth amendment to the United States Constitution and of article 3, section 14 of the Mississippi Constitution of 1890 in that the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest.

b. Any imposition of punitive damages against these defendants in this case would constitute an excessive fine in violation of article 3, section 28 of the Mississippi Constitution of 1890 and of the due process clauses of the fourteenth amendment to the United States Constitution and of article 3, section 14 of the Mississippi Constitution of 1890.

c. Any imposition of punitive damages against these defendants in this case based on wealth would violate the equal protection clause of the fourteenth amendment to the United States Constitution.

d. No punitive assessment can be imposed against these defendants in the absence of clear and convincing proof of punitive liability as required by the due process clause of the fourteenth amendment to the United States Constitution and of article 3, section 14 of the Mississippi Constitution of 1890 and as further required by Mississippi common law.

e. Any award of punitive damages against these defendants in this case would be in violation of the procedural safeguards provided to these defendants under the fourth, fifth and sixth amendments to the United States Constitution in that punitive damages are penal in nature, and these defendants are entitled to the same procedural safeguards accorded to those charged with crimes against the State or against the United States.

f. Any imposition of punitive damages against these defendants in this case would unconstitutionally chill these defendants' access to court and counsel in violation of substantive and procedural due process guarantees of the fourteenth amendment to the United States Constitution and of article 3, section 14 of the Mississippi Constitution of 1890, the first amendment (to the

United States Constitution) right to petition for redress of grievances, and the Mississippi constitutional guarantees of article 3, section 24 (courts to remain open) and section 25 (no one debarred from defending civil actions).

### SEVENTH DEFENSE

The plaintiff's claim for punitive damages fails to comply with the standards set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell,* 538 U.S. 408 (2003); and *BMW of North America, Inc. v. Core,* 116 S.Ct. 1589 (1996).

### EIGHTH DEFENSE

To the extent the plaintiff's claims for punitive assessment against these defendants is not otherwise barred by application of law, these defendants incorporate by reference the statutory provisions of Miss. Code Ann. §11-1-65.

### NINTH DEFENSE

The plaintiff's claims for exemplary or punitive damages, interest and attorney's fees for all state law claims asserted against these defendants are barred by Miss. Code Ann. §11-46-15.

### TENTH DEFENSE

These defendants are immune from any claim for punitive assessment sought by the plaintiff's federal law claims.

### ELEVENTH DEFENSE

These defendants aver that they have breached no duty owed to the plaintiff.

### TWELFTH DEFENSE

Any damages sought by the plaintiff herein were not proximately caused by any act of these defendants.

## THIRTEENTH DEFENSE

The plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

## FOURTEENTH DEFENSE

The plaintiff's damages, if any, were caused in whole or part by the plaintiff's own negligence.

## FIFTEENTH DEFENSE

Some or all of the plaintiff's claims or causes of action are barred by applicable statutes of limitation.

## SIXTEENTH DEFENSE

To the extent that the plaintiff seeks damages against Mosby in his individual capacity, which does not appear the case, all such state law claims are barred by the provisions of Miss. Code Ann. §11-46-7.

## SEVENTEENTH DEFENSE

All state law claims or causes of action asserted against these defendants are barred by the provisions of Miss. Code Ann. §11-46-9(c).

## EIGHTEENTH DEFENSE

All state law claims or causes of action asserted against these defendants are barred by the provisions of Miss. Code Ann. §11-46-9(d).

## NINETEENTH DEFENSE

The plaintiff's claim for damages resulting from alleged violations of the plaintiff's rights under the Mississippi Constitution is void for failure to plead with particularity the specific constitutional deprivation for which the plaintiff seeks redress.

## TWENTIETH DEFENSE

The plaintiff's damages, if any, were caused in whole or part by the acts of third parties for which these defendants have no liability.

## TWENTY-FIRST DEFENSE

These defendants invoke the provisions of Miss. Code Ann. §85-5-7.

And now having fully answered the complaint, these defendants demand that they be dismissed from this action with all costs, including attorney's fees, charged to the plaintiff.

RESPECTFULLY submitted, this the 7th day of February, 2007.

>TUNICA COUNTY, MISSISSIPPI,
>TUNICA COUNTY DEPUTY SHERIFF
>DORNAE MOSBY, DEFENDANTS
>
>
>BY: /s/ John S. Hill
>     JOHN S. HILL, MB# 2451

OF COUNSEL:

MITCHELL, MCNUTT & SAMS, P.A.
105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MS 38802-7120
(662) 842-3871

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Answer and Defenses of Tunica County, Mississippi and Dornae Mosby with Motion for More Definite Statement with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

| | | |
|---|---|---|
| Robert B. McDuff, Esq. | A. Randall Harris, Esq. | Alfred T. Tucker, III, Esq. |
| 767 North Congress Street | Post Office Box 2332 | Post Office Box 68 |
| Jackson, MS 39202 | Madison, MS 39130 | Tunica, MS 38676-0068 |

DATED, this the 7th day of February, 2007.

    /s/ John S. Hill
JOHN S. HILL