```
             UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF MISSISSIPPI
               DELTA DIVISION AT OXFORD
```

**ADAM GROSCH**                                                   **PLAINTIFF**

**VS.**                                                **NO. 2:06CV204-P-A**

**TUNICA COUNTY, MISSISSIPPI,**
**TUNICA COUNTY SHERIFF'S DEPUTY**
**DORNAE MOSBY AND**
**HOLLYWOOD CASINO CORPORATION**                                  **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

Comes Now Hollywood Casino Corporation, defendant in the above entitled action, by counsel, no appearance being made on behalf of HWCC-Tunica, Inc., the party which should have been made defendant in this action, and files this, its Answer and Affirmative Defenses to plaintiff's Complaint, and would respectfully show:

### FIRST DEFENSE

There is a misjoinder of party defendants, in that Hollywood Casino Corporation, is improperly made a defendant. HWCC-Tunica, Inc., is a Texas Corporation, qualified to do business in Mississippi, with its principal place of business in Tunica County, Mississippi. HWCC-Tunica, Inc., owns, occupies, controls and maintains Hollywood Casino-Tunica, the premises where plaintiff allegedly was injured. Hollywood Casino Corporation does not own, occupy, control or maintain the Hollywood Casino-Tunica premises.

SECOND DEFENSE

Hollywood Casino Corporation is not a real party in interest in this action as required by Federal Rule of Civil Procedure 17, and it should be dismissed from this action.

THIRD DEFENSE

Hollywood Casino Corporation does not own or maintain the subject premises and can have no liability herein.

FOURTH DEFENSE

Alternatively, if defendant does have any liability herein, it invokes Miss. Code Ann. Section 85-5-7 (as amended), with respect to any applicable limitations of liability and apportionment of fault.

FIFTH DEFENSE

Hollywood Casino Corporation believes that the subject incident occurred on December 11, 2005; however, no suit was brought against the owner and operator of the subject property, HWCC-Tunica, Inc., within the applicable statute of limitations. Therefore, this suit is barred by the statute of limitations.

SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim against defendant upon which relief can be granted, and this cause should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

SEVENTH DEFENSE

Plaintiff freely and voluntarily assumed the risk of his alleged injuries and damages.

EIGHTH DEFENSE

The actions of plaintiff proximately caused or contributed to the alleged injuries, if any, sustained by plaintiff, and said actions would act to bar or diminish plaintiff's recovery.

NINTH DEFENSE

The plaintiff failed to mitigate his damages, if any.

TENTH DEFENSE

The actions of a person or entity other than defendant proximately caused or contributed to the alleged injuries, if any, sustained by plaintiff, and said actions would act to bar or diminish plaintiff's recovery.

ELEVENTH DEFENSE

Plaintiff's alleged injuries and other damages were proximately caused by the acts or omissions of third parties over whom defendant had no control, and said acts or omissions constitute independent, superseding and intervening causes of plaintiff's alleged injuries and other damages, if any.

TWELFTH DEFENSE

This defendant is not liable for any actions or inactions of co-defendants, Tunica County, Mississippi, or Tunica County Deputy Sheriff Dornae Mosby.

THIRTEENTH DEFENSE

No agents or employees of defendant committed acts carelessly or negligently.

FOURTEENTH DEFENSE

No agents or employees of defendant committed acts wantonly, maliciously or under circumstances of aggravation.

FIFTEENTH DEFENSE

Casino personnel had the right to ask plaintiff to leave its property.

SIXTEENTH DEFENSE

Plaintiff could have voluntarily left the Hollywood Casino-Tunica property at any time prior to the arrival of the Tunica County Sheriff Department.

SEVENTEENTH DEFENSE

Plaintiff refused to leave the Hollywood Casino-Tunica property when asked so to do.

EIGHTEENTH DEFENSE

It was reasonable for the casino personnel to request to check plaintiff's identification.

NINETEENTH DEFENSE

The casino personnel acted properly and in good faith.

TWENTIETH DEFENSE

An award of punitive damages against defendant, based on the allegations of plaintiff's Complaint, is precluded by Miss. Code Ann. §11-1-65 (Supp. 1998).

TWENTY-FIRST DEFENSE

An award of punitive damages against defendant is unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States, as well as Article 3, §14 of the Constitution of the State of Mississippi.

TWENTY-SECOND DEFENSE

An award of punitive damages against defendant would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as Article 3, §28 of the Constitution of the State of Mississippi.

TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the Constitution of the United States, as applied to the states through the Fourteenth Amendment.

TWENTY-FOURTH DEFENSE

The imposition of punitive damages on the facts alleged in the Complaint is barred by the *ex post facto* clause of the United States Constitution.

TWENTY-FIFTH DEFENSE

The imposition of punitive damages is inappropriate as a matter of law and/or public policy.

TWENTY-SIXTH DEFENSE

Defendants' joint and several liability for an award of compensatory and/or punitive damages is controlled by Miss. Code Ann. §85-5-7 (Supp. 1998).

TWENTY-SEVENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon any applicable defenses under Section 85-5-7 of the Mississippi Code of 1972 Annotated, as amended.

TWENTY-EIGHTH DEFENSE

Defendant shows that plaintiff's prayer for attorney's fees is inapplicable towards this defendant.

TWENTY-NINTH DEFENSE

Defendant hereby gives notice that it intends to rely upon, and adopts herein by reference, any applicable affirmative defense expressed by defendants, Tunica County, Mississippi, and Tunica County Deputy Sheriff Dornae Mosby.

THIRTIETH DEFENSE

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus, reserves the right to

amend its Answer and Affirmative Defenses and assert any such defenses.

### THIRTY-FIRST DEFENSE

Defendant without waiving the foregoing defenses, answers the allegations contained in the Complaint, as follows:

In response to the unnumbered paragraph beginning, "This civil action. . .", defendant denies that it is liable to plaintiff for any damages whatsoever.

1. Answering paragraph 1. of the Complaint, defendant admits that this Court has jurisdiction over the parties and venue is proper in this Court. However, defendant would show that Hollywood Casino Corporation does not own or operate the subject property, and therefore, should be dismissed from this action. Defendant denies that it is liable to plaintiff for any damages whatsoever.

2. Answering paragraph 2. of the Complaint, defendant admits that plaintiff, Adam Grosch, is an adult resident citizen of Durham, North Carolina.

3. Answering paragraph 3. of the Complaint, defendant admits that defendant, Tunica County, Mississippi, is a unit of local government in the State of Mississippi.

4. Answering paragraph 4. of the Complaint, defendant admits that Deputy Dornea Mosby is an officer with the Tunica County Sheriff's Department. Defendant admits that during the course of the subject incident, Deputy Mosby was acting in the course and

scope of his employment. Defendant denies the remaining allegations contained in said paragraph and demands strict proof thereof.

5. We note there is no paragraph 5. in the Complaint.

6. Answering paragraph 6. of the Complaint, defendant admits that Hollywood Casino Corporation is a Delaware corporation registered to do business in Mississippi and may be served with process by serving its registered agent, CT Corporation System, 645 Lakeland E. Drive, Suit 101, Flowood, Mississippi 39232. Defendant denies that Hollywood Casino Corporation owns and operates the Hollywood Casino-Tunica, located near the community of Robinsonville, in Tunica County, Mississippi. Defendant would show that HWCC-Tunica, Inc., owns and operates the same. Defendant denies the remaining allegations contained in said paragraph and demands strict proof thereof.

7. Answering paragraph 7. of the Complaint, defendant admits that on December 11, 2005, plaintiff, Adam Grosch, was on the Hollywood Casino-Tunica property. Defendant admits that HWCC-Tunica, Inc., had been informed by Fitzgerald's Casino that Fitzgerald's had previously asked a person meeting plaintiff's description to back off of blackjack play for betting with count. Defendant admits that HWCC-Tunica, Inc.'s surveillance department noticed plaintiff and believed that he was the person from the Fitzgerald Casino incident. Defendant admits that while plaintiff was playing blackjack, HWCC-Tunica, Inc.'s employees asked

plaintiff to leave the premises as he was an unwelcome guest. Defendant denies the remaining allegations contained in said paragraph and demands strict proof thereof.

8. Answering paragraph 8. of the Complaint, defendant admits that employees of HWCC-Tunica, Inc., asked plaintiff to leave the premises as he was an unwelcome guest and that it informed him that if he left the property without cashing in his chips, he would not be allowed to return to the casino to do so. Defendant admits that prior to cashing in plaintiff's chips, casino personnel asked the plaintiff to show his identification. Defendant admits that plaintiff refused to show his identification and became disorderly. Defendant would show that pursuant to Section 75-76-155 of the Mississippi Code of 1972 Annotated, as amended, HWCC-Tunica, Inc., was under a duty to check plaintiff's identification to be sure that he was twenty-one (21) years of age or older. Defendant admits that plaintiff refused to comply with the casino personnel's request that he show them his identification. Defendant admits that plaintiff asked that the Mississippi Gaming Commission be contacted. Defendant admits that casino personnel contacted the Mississippi Gaming Commission and a Gaming Commission officer later arrived. Defendant denies the remaining allegations contained in said paragraph and demands strict proof thereof.

9. Answering paragraph 9. of the Complaint, defendant admits that casino personnel contacted the Tunica County Sheriff's

Department. Defendant admits that Deputy Dornae Mosby, along with other officers from the Tunica County Sheriff's Department, arrived, and upon their arrival, HWCC-Tunica, Inc., turned over the situation to the Tunica County Sheriff's Department. Defendant admits that plaintiff refused to promptly comply with the law enforcement officers' requests, and plaintiff was arrested for disorderly conduct by the Tunica County Sheriff's Department. Defendant denies the remaining allegations contained in said paragraph and demands strict proof thereof.

10. Answering paragraph 10. of the Complaint, it appears that the allegations contained in said paragraph are directed to the co-defendants and a response by this defendant is not required; however, in the event the allegations contained in this paragraph are directed to this defendant, it would state that it admits that plaintiff requested that the Mississippi Gaming Commission be contacted so that plaintiff could discuss the situation with it, and employees of HWCC-Tunica, Inc., complied with this request. Defendant admits that it also contacted the Tunica County Sheriff's Department. Defendant admits that the Tunica County Sheriff's Department arrived prior to the Mississippi Gaming Commission. Defendant admits that following the plaintiff's arrest, he was first taken to a security report writing room at the casino where the Tunica County Sheriff's Department obtained the plaintiff's identification, searched him and allowed casino personnel access to

the plaintiff's identification. Defendant admits that casino personnel cashed plaintiff's chips after proper identification was provided indicating plaintiff was twenty-one (21) years of age or older. Defendant admits that while plaintiff was in the casino report writing room, the Mississippi Gaming Commission, which plaintiff requested, arrived and had a conversation with plaintiff. Defendant admits that subsequent to plaintiff's conversation with the Mississippi Gaming Commission officer, plaintiff was escorted from HWCC-Tunica, Inc.'s property by the Tunica County Sheriff's Department. Defendant denies the remaining allegations contained in said paragraph and demands strict proof thereof.

11. Answering paragraph 11. of the Complaint, defendant is without knowledge or information sufficient to admit or deny whether plaintiff was transferred to the Tunica County Jail for booking, where he posted a $500 cash bond for his release, and therefore, denies the same and demands strict proof thereof. Defendant admits that once plaintiff's identification was produced indicating that plaintiff was twenty-one (21) years of age or older, casino personnel cashed plaintiff's chips prior to plaintiff being escorted from the HWCC-Tunica, Inc., property by the Tunica County Sheriff's Department. The defendant denies the remaining allegations contained in said paragraph and demands strict proof thereof.

12. Answering paragraph 12. of the Complaint, defendant is without knowledge or information sufficient to admit or deny the allegations contained in said paragraph, and therefore, denies the same and demands strict proof thereof.

13. Answering paragraph 13. of the Complaint, defendant is without knowledge or information sufficient to admit or deny the allegations contained in said paragraph, and therefore, denies the same and demands strict proof thereof.

14. Answering paragraph 14. of the Complaint, defendant is without knowledge or information sufficient to admit or deny the allegations contained in said paragraph, and therefore, denies the same and demands strict proof thereof.

15. Answering the second numbered paragraph 13. of the Complaint, defendant denies the allegations contained in said paragraph and demands strict proof thereof.

16. Answering the second numbered paragraph 14. of the Complaint, defendant is without knowledge or information sufficient to admit or deny the allegations contained in said paragraph.

17. Answering paragraph 15. of the Complaint, defendant denies the allegations contained in said paragraph and demands strict proof thereof.

18. Answering paragraph 16. of the Complaint, defendant denies the allegations contained in said paragraph and demands strict proof thereof.

19. Answering paragraph 17. of the Complaint, it appears that the allegations contained in said paragraph are directed to the co-defendants and a response from this defendant is not required; however, in the event a response is required by this defendant, it is without knowledge or information sufficient to admit or deny the allegations contained in said paragraph, and therefore, denies the same and demands strict proof thereof.

20. Answering paragraph 18. of the Complaint, defendant denies that plaintiff is entitled to any judgment against it whatsoever.

21. Defendant denies all allegations of plaintiff's Complaint, not specifically admitted above.

NOW HAVING ANSWERED fully and affirmatively, defendant prays that the Complaint against it be dismissed, with prejudice, with all costs assessed to plaintiff.

                                        Respectfully submitted,

                                        _/s/ A. THOMAS TUCKER III_
                                        A. THOMAS TUCKER III
                                        Mississippi Bar No. 100983
                                        A. T. TUCKER, JR.
                                        Mississippi Bar No. 8300
                                        Tucker, Selden & Tucker, PLLC
                                        P. O. Box 68
                                        Tunica, MS  38676-0068
                                        662-363-3622
                                        tuckerselden@gmi.net

CERTIFICATE OF SERVICE

    I, A. Thomas Tucker III, undersigned attorney for defendant, Hollywood Casino Corporation, do hereby certify that I have this day electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the ECF system which sent notification of such filing to: RBM@McDufflaw.com, Rharris51043@yahoo.com and jhill@mitchellmcnutt.com. Parties may also access this filing through the Court's ECF/CMF system.

    Certified this the 16th day of February, 2007.

                                 /S/ A. THOMAS TUCKER III
                                 A. THOMAS TUCKER III

F:\HWCC.GROSCH\ANSWER 2-13-07.wpd