# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

ADAM GROSCH,

Plaintiff,

vs.                                                 CIVIL ACTION NO.2:06cv204-P-A

TUNICA COUNTY, MISSISSIPPI,
TUNICA COUNTY DEPUTY SHERIFF DORNAE MOSBY,
HWCC-TUNICA, INC., AND
HOLLYWOOD CASINO CORPORATION,

Defendants.

## FIRST AMENDED COMPLAINT

## Jury Trial Demanded

This civil action arises from the December 11, 2005, arrest of plaintiff Adam Grosch at the Hollywood Casino in Tunica County, Mississippi after he declined to show his identification to a casino employee. This action is brought pursuant to 42 U.S.C. §1983, the United States Constitution, and the laws of the State of Mississippi, including the Mississippi Tort Claims Act, Miss. Code § 11-46-1 et seq.

## JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, and 1343, and 42 U.S.C. § 1983.   Also, the supplemental jurisdiction

of this Court to hear claims arising under state law is invoked pursuant to 28 U.S.C. §1367. Venue is appropriate under §1391 (b) and §1392.

## PLAINTIFF

2.      The plaintiff, Adam Grosch, is an adult resident citizen of Durham, North Carolina.

## DEFENDANTS

3.      Defendant Tunica County, Mississippi, is a unit of local government in the State of Mississippi.

4.      Deputy Dornae Mosby is an officer with the Tunica County Sheriff's Department. At all times pertinent to this complaint, he was acting in the course and scope of his employment and under the color of law. His actions as set forth in this complaint were in reckless disregard of the safety and well-being of the plaintiff, who was not engaged in criminal activity.

5.      Defendant HWCC-Tunica, Inc., is a Texas Corporation, authorized to do business in Mississippi, and may be served with process by service upon its registered agent C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232. At the times set forth in this complaint, HWCC-Tunica, Inc. owned and operated the Hollywood Casino in Tunica County, Mississippi. At various times described in this complaint, HWCC-Tunica, Inc.

acted jointly with the other defendants to deprive the plaintiff of rights protected by the federal and state constitutions. In so doing, it acted under color of law. It is liable for the actions of Hollywood Casino personnel in this case.

6. Defendant Hollywood Casino Corporation is a Pennsylvania corporation registered to do business in Mississippi and may be served with process by service upon its registered agent C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232. Hollywood Casino Corporation developed the Hollywood Casino in Tunica County, Mississippi, and owns the stock of Defendant HWCC-Tunica, Inc. At the relevant time, Hollywood Casino Corporation played a role in operating the Hollywood Casino in Tunica County through its subsidiary HWCC-Tunica, Inc. At various times described in this complaint, the Hollywood Casino Corporation acted jointly with the other defendants to deprive the plaintiff of rights protected by the federal and state constitutions. In so doing, the Hollywood Casino Corporation acted under color of law. It is liable for the actions of Hollywood Casino personnel in this case.

## FACTUAL ALLEGATIONS

7. On December 11, 2005, plaintiff Grosch was a patron of the Hollywood Casino in Tunica County, Mississippi. While he was playing

blackjack, he was asked to asked to withdraw from the game and was told that he would need to leave the casino and could not return. Apparently casino employees believed the plaintiff was using a card counting strategy. This sort of strategy is not illegal.

8.    Plaintiff Grosch agreed to leave the casino immediately, but was told by a casino employee that if he left without cashing in his chips, he would not be allowed to return to the casino to do so. The plaintiff then informed the casino staff that he would go directly to the cage, cash in his chips, and then leave the premises and not return. When the plaintiff presented his chips to the cashier, another casino staff member ordered the cashier not to cash the chips and so the plaintiff was not given his money. Casino officials asked the plaintiff for his identification, but he declined to provide it. The plaintiff had a right to refuse to provide them with his identification. (Upon information and belief, the casino was requesting the identification so they could share it with other casinos as part of their collective effort to maximize their gambling advantage by blackballing those who they think are able to count cards and minimize the advantage). The plaintiff then asked that the Mississippi Gaming Commission be contacted.

9.   Casino officials then contacted the Tunica County Sheriff's Department, falsely told the Sheriff's Department that the plaintiff was refusing to leave, and

asked that an officer be sent to arrest the plaintiff. Deputy Dornae Mosby with the Tunica County Sheriff's department arrived. Without asking the plaintiff any questions about the situation at hand, the deputy ordered the plaintiff to show him his identification. The plaintiff responded that he would show the deputy his identification but that he did not want it to be given to the casino. The deputy again asked for the plaintiff's identification and when the plaintiff gave the same response, he was arrested for disorderly conduct.

10.     Rather than take the plaintiff to the jail, the deputy took the plaintiff to a security holding room in the Hollywood Casino. The deputy emptied the plaintiff's pockets, took the plaintiff's identification, and turned over the identification to Hollywood Casino personnel. The deputy also allowed the casino to make a photocopy of plaintiff's identification.

11.     The plaintiff was then transferred to the Tunica County Jail for booking, where he posted a $500 cash bond for his release. After being arrested, and immediately prior to being transferred to the jail, the casino finally gave the plaintiff his money.

12.     The criminal charge of disorderly conduct against the plaintiff was set for trial but then dismissed on the date of trial.

13.     The plaintiff had a right to decline to show identification to the casino officials.  He committed no crime and there was no probable cause to arrest him.

14.     Tunica County has failed to properly train and supervise its law enforcement officers.

13.     As a result of the unlawful detention and arrest, as well as the refusal of the casino to give the plaintiff the money he was owed when he initially requested it, the plaintiff was deprived of his freedom and his property and he suffered damages.  These damages were caused by the events and conditions listed in this complaint.

14.     A notice of claim has been filed pursuant to the provisions of the Mississippi Tort Claims Act.

## VIOLATIONS

## COUNT ONE

15.     The plaintiff was arrested without probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution.  All defendants are liable, including the Hollywood Casino Corporation, which acted jointly with other defendants in causing the arrest of the plaintiff.

## COUNT TWO

16.   The plaintiff's rights under Mississippi common law, tort law, and constitutional law were violated by the Hollywood Casino.  The wrongs inflicted upon the plaintiff by the casino include trespass to chattels, conversion, false arrest, false imprisonment, abuse of process, malicious prosecution, and violation of his rights under the Mississippi Constitution.

## COUNT THREE

17.   The plaintiff's rights under Mississippi common law, tort law, and constitutional law were violated by Deputy Mosby, and the County is responsible for this under the Mississippi Tort Claims Act.  The wrongs inflicted by Deputy Mosby include false arrest, false imprisonment, malicious prosecution, and violation of the plaintiff's rights under the Mississippi Constitution.

## RELIEF

18.   Wherefore, the plaintiff demands a jury trial on all but the Mississippi Tort Claims Act claims, for which he requests a judge trial as required by that statute (Miss. Code § 11-46-13(1)), and upon a verdict in his favor, asks that compensatory damages be assessed in an appropriate amount, as well as punitive damages for those claims for which they are available by law, and that he be awarded costs, attorneys fees, and all other relief to which he is entitled.

Respectfully Submitted,


s/Robert B. McDuff
ROBERT B. McDUFF,
Miss. Bar #2532
767 North Congress Street
Jackson, Mississippi  39202
(601) 969-0802
(601) 969-0804 (fax)
RBM@McDufflaw.com

A. RANDALL HARRIS
Miss. Bar # 1975
P.O. Box 2332
Madison, MS  39130
(601) 454-7242
(601) 968-6441 (fax)
RHarris51043@yahoo.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2007, I electronically filed the foregoing *Plaintiff's First Amended Complaint* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

John S. Hill
Mitchell, McNutt & Sams, P.A.
105 South Front Street
Post Office Box 7120
Tupelo, MS  38802

Alfred T. Tucker, III
Post Office Box 68
Tunica, MS  38678

<u>s/Robert B. McDuff</u>