IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ADAM GROSCH, PLAINTIFF,

VS. CIVIL ACTION NO. 2:06CV204-P-A

TUNICA COUNTY, MISSISSIPPI;
TUNICA COUNTY DEPUTY SHERIFF
DORNAE MOSBY; HWCC-TUNICA, INC.;
AND HOLLYWOOD CASINO
CORPORATION, DEFENDANTS.

### ORDER

These matters come before the court upon Plaintiff's Appeal to District Judge of Magistrate's Order Denying Plaintiff's Motion for Leave to File Third Amended Complaint [73], Plaintiff's Motion to Reconsider Summary Judgment Against Plaintiff on the Section 1983 Claim Against Tunica County [78], and Defendant Tunica County's Motion to Clarify Memorandum Opinion and Order Reserving Ruling Regarding Punitive Damage Claims Against Tunica County [80]. After due consideration of the appeal and motions, as well as the responses filed thereto, the court finds as follows, to-wit:

**A. Appeal of Magistrate Ruling**

On January 3, 2008 the Magistrate Judge denied the plaintiff's motion for leave to file a third amended complaint. The plaintiff appeals that decision, arguing that it was clearly erroneous and contrary to law.

Since the scheduling deadlines passed before the plaintiff filed his motion to amend the complaint for a third time, Fed. R. Civ. P. 16(a)'s "good cause" standard applies rather than Rule

1

15(a)'s "freely given" standard.

Having reviewed the subject order, the court concludes that the plaintiff has not demonstrated that the Magistrate Judge's ruling was clearly erroneous or contrary to law. The plaintiff was well aware that the deadline to seek amendments was May 25, 2007, as stated in the court's April 30, 2007 Case Management Order. The court granted two prior motions for leave to file amended complaints on March 28, 2007 and August 24, 2007. However, his third motion for leave to file was submitted to the court on November 30, 2007 – six months after the deadline to amend had expired, one month after the discovery deadline, and two weeks after the dispositive motion and expert motion deadline passed. Though the plaintiff argues that he did not learn of the basis for the new claim he wished to present in the third amended complaint until October 16, 2007 at the depositions of Deputies Ray and Mosby, it is undisputed that he received the transcripts of those depositions approximately a week later and then waited another month to file his motion for leave to file a third amended complaint.

Pursuant to *Foman v. Davis*, 371 U.S. 178, 182 (1962), this court concludes that the motion for leave to amend the complaint should have been denied because of undue delay and prejudice to the defendants – especially given that the defendants had already filed their motions for summary judgment. *See also, Hypes v. First Commerce Corp.*, 134 F.3d 721, 727 (5th Cir. 1998) (observing that "a district court does not abuse its discretion by refusing to allow an eleventh-hour amendment" where a plaintiff moved to amend the complaint seven months after the amendment deadline).

Thus, the plaintiff's objection to the Magistrate Judge's January 3, 2008 order denying his motion for leave to file a third amended complaint should be overruled.

**B. Plaintiff's Motion to Reconsider**

The plaintiff moves the court to reconsider the January 8, 2008 grant of summary judgment to Tunica County on the plaintiff's § 1983 failure to train and supervise claim.

The plaintiff also points out that he sought to add additional allegations of an unconstitutional policy and custom with the proposed third amended complaint. However, since the court has already overruled the plaintiff's objection to the Magistrate Judge's order denying the plaintiff's motion for leave to file a third amended complaint, this particular issue is moot.

The plaintiff argues that the court erred in concluding that his § 1983 failure to train and supervise claim failed as a matter of law since the plaintiff did not name the policymaker, the Sheriff of Tunica County, as a defendant. The plaintiff argues pursuant to *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) that there is no requirement that a policymaker be named as a defendant in order to hold a local government liable under § 1983. He also maintains that pursuant to *Brandon v. Holt*, 469 U.S. 464 (1985), a suit against Tunica County is a suit against the Sheriff of Tunica County because they are interchangeable in this instance.

The court concludes that the plaintiff has not demonstrated that the court's prior ruling was contrary to law.

As the Fifth Circuit observed in *Snyder v. Trepagnier*, 142 F.3d 791, 797-98 (5th Cir. 1998), "*Grandstaff* has not enjoyed wide application in this Circuit. For example, we distinguished it in *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1996), noting that '*Grandstaff* affirmed a judgment against a Texas city on a highly peculiar set of facts.... The *Grandstaff* panel emphasized the extraordinary facts of the case, and its analysis can be applied only to equally extreme factual situations." The circumstances in *Grandstaff* involved a group of police officers who shot and killed

an innocent man after recklessly mistaking him for a fugitive. Such facts are clearly not analogous to those at bar.

With regard to *Brandon v. Holt*, the Supreme Court in that case did not rule that suing a municipal entity is the same as suing one of its policymakers that was responsible for the allegedly unconstitutional policy. Rather, the Court in *Brandon* observed the opposite – *i.e.*, that suing a policymaker in his official capacity pursuant to § 1983 was the same as suing the municipal entity for whom he was working. 469 U.S. at 471-72.

Tunica County is correct that the Court in *Mowbray v. Cameron County, Texas*, 274 F.3d 269 (5th Cir. 2001) appears to stand for the proposition that one must sue the actual policymaker, even though doing so potentially subjects the municipal entity for whom the policymaker works may be held liable for his or her actions. In *Mowbray*, the plaintiff challenged the dismissal of her § 1983 claims against the county, arguing that the county is liable for the unconstitutional acts of its final policymakers. However, the Court observed that none of the named defendants were the final policymaker in the context of the case, but rather the sheriff was and the plaintiff did not allege a constitutional deprivation against the sheriff. *Id*. at 278. Similarly, in *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004), the Court held that the policymaker element was not met when the plaintiff sued the deputy sheriffs, neither of whom were policymakers.

"Municipal liability under ... § 1983 requires three elements in addition to the underlying claim of a violation of rights: 'a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom." *Cox v. City of Dallas, Texas*, 430 F.3d 734, 748 (5th Cir. 2005). The plaintiff has submitted no evidence of an actual official policy. Although

an "official policy" can include "a persistent, widespread practice of officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law," "[t]he policymaker must have either actual or constructive knowledge of the alleged policy." *Id*. at 748. The plaintiff has not deposed the Sheriff of Tunica County and thus has no evidence that he had actual or constructive knowledge of the alleged policy.

Accordingly, the court concludes that the plaintiff's motion to reconsider should be denied.

## C. Tunica County's Motion to Clarify

Tunica County requests the court to clarify its decision to reserve ruling on whether the plaintiff may seek punitive damages against Tunica County. The plaintiff is correct in his response that the court inadvertently suggested that Tunica County may be subject to punitive damages. Since the court has ruled that the plaintiff's § 1983 claim against Tunica County must fail as a matter of law, the court clarifies that punitive damages are unavailable against Tunica County pursuant to *Madison v. DeSoto County*, 822 So.2d 306, 310 (Miss. Ct. App. 2002) (citing Miss. Code Ann. § 11-46-15(2)).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Appeal to District Judge of Magistrate's Order Denying Plaintiff's Motion for Leave to File Third Amended Complaint [73] is **OVERRULED**;

(2) Plaintiff's Motion to Reconsider Summary Judgment Against Plaintiff on the Section 1983 Claim Against Tunica County [78] is **DENIED**; and

(3) Defendant Tunica County's Motion to Clarify Memorandum Opinion and Order

Reserving Ruling Regarding Punitive Damage Claims Against Tunica County [80] is **GRANTED** as discussed above.

**SO ORDERED** this the 4th day of February, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE