IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ADAM GROSCH,                                                    PLAINTIFF,

VS.                                                  CIVIL ACTION NO. 2:06CV204-P-A

TUNICA COUNTY, MISSISSIPPI;
TUNICA COUNTY DEPUTY SHERIFF
DORNAE MOSBY; HWCC-TUNICA, INC.;
AND HOLLYWOOD CASINO
CORPORATION,                                                    DEFENDANTS.

## ORDER

These matters come before the court upon Plaintiff's motion in limine [84] to exclude testimony by Thomas A. Mueller, General Counsel for the Mississippi Gaming Commission, and Defendant HWCC-Tunica, Inc.'s motion to strike that motion in limine as untimely [87]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

With regard to the motion to strike, the plaintiff filed the instant motion in limine after the deadline for motions in limine regarding experts but before the deadline for regular motions in limine. In their response brief to the motion in limine, Hollywood states that it "does not concede that Mr. Mueller's testimony is that of an expert." Thus, the motion in limine will not be treated as one involving experts. Accordingly, the motion to strike should be denied.

In their motion in limine, the plaintiff seeks to exclude testimony by Mr. Mueller, General Counsel for the Mississippi Gaming Commission regarding the meaning of the applicable statutes and regulations and to exclude the Gaming Commission's response letter to the plaintiff's December 13, 2005.

Simply stated, it is solely within the court's province to instruct the jury regarding the

1

meaning of the law. *U.S. v. Guitierrez-Farias*, 294 F.3d 657, 663 (5th Cir. 2002) (there is a borderline long recognized by the Fifth Circuit between a mere explanation of the expert's analysis of the facts and a forbidden opinion on the "ultimate legal issue"). Therefore, it is improper for the defendants to attempt instruction on the law via a witness - expert or otherwise. For the same reason, the Gaming Commission's January 10, 2006 response letter should also be excluded insofar as it seeks to instruct the jury on the law. To alleviate the parties' concerns in this regard, the parties may submit proposed jury instructions concerning the applicable gaming laws and regulations.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's motion in limine [84] to exclude any testimony by Thomas A. Mueller, General Counsel for the Mississippi Gaming Commission is **GRANTED**; and

(2) Defendant HWCC-Tunica, Inc.'s motion to strike that motion in limine as untimely [87] is **DENIED**.

**SO ORDERED** this the 2nd day of July, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE