IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ADAM GROSCH                                        PLAINTIFF

V.                                                 CIVIL ACTION NO.
                                                   2:06-CV-204-P-A

TUNICA COUNTY, MISSISSIPPI,
TUNICA COUNTY DEPUTY SHERIFF
DORNAE MOSBY, HWCC-TUNICA, INC.                    DEFENDANTS

ORDER

Defendant HWCC-Tunica, Inc. requests the court re-open discovery for the sole purpose

of allowing it to take the deposition of Danny Joe Taylor for trial purposes [ docket no. 109].  As

described by the defendant, Mr. Taylor is an essential witness to the case as he was defendant's

employee and was directly involved in the events that gave rise to the above styled case.  The

discovery deadline in this case was October 29, 2007.  Mr. Taylor has not been available before

now due to military service abroad and subsequent medical treatment in California.  It is not

known if Mr. Taylor will be available for trial, which is set to begin on August 25, 2008, as he

requires additional surgery.  The plaintiff Grosch does not object to the limited reopening of

discovery and deposing of Mr. Taylor.  In an effort to mitigate any prejudice, the defendant has

agreed to pay either the reasonable travel expenses of the plaintiff's counsel or the costs of

establishing a telephone/teleconference so that plaintiff's counsel may attend the deposition of

Mr. Taylor.

The circumstances surrounding Mr. Taylor's unavailability are unusual and not

necessarily due to the defendant's lack of diligence in producing Mr. Taylor for deposition.  The

court finds that probative value of deposing Mr. Taylor outweighs any prejudice against the

plaintiff, especially in light of the defendant's willingness to pay the reasonable costs associated

with the deposition of Mr. Taylor.   For these reasons it is ORDERED

That defendant's motion to re-open discovery for the limited purpose of taking the deposition of Danny Joe Taylor for trial purposes is GRANTED.

The parties shall arrange for the deposition of Mr. Taylor as soon as reasonably possible, but no later than August 18, 2008.

Defendant shall pay the reasonable expenses, not including attorney's fees as those fees would have been incurred in any event, incurred by plaintiff's counsel in attending the deposition of Mr. Taylor either in person or via teleconferencing.

This the 28th day of July, 2008.

/s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE