IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ADAM GROSCH                                                PLAINTIFF

V.                                                               CIVIL ACTION NO.
                                                                                  2:06-CV-204-P-A

TUNICA COUNTY, MISSISSIPPI,
TUNICA COUNTY DEPUTY SHERIFF
DORNAE MOSBY, HWCC-TUNICA, INC.              DEFENDANTS

ORDER

        Plaintiff Grosch requests the court re-open discovery for the limited purpose of allowing plaintiff to obtain financial information concerning the net worth of defendant HWCC-Tunica, Inc. [docket no. 110]. The plaintiff seeks compensatory and punitive damages as evidenced in his complaint [ docket no. 1], but has not requested information regarding HWCC's net worth until this motion before the court. Defendant HWCC-Tunica, Inc. objects to such disclosure on various grounds including that: a) the request is untimely; b) obtaining the information may be costly and time consuming; and c) the request is overly broad and irrelevant.

        While sympathetic to defendants' objection and position regarding this request for financial records, the court is aware of a previous case in this district in which a trial had to be delayed to locate and update a previously sealed net worth statement. Due to the sensitive nature of the information, defendant is ordered to provide the requested information, to the extent that the information is available in the regular course of business, in a sealed envelope, to plaintiff's counsel by August 15, 2008. <u>Plaintiff's counsel only</u> may examine the documents. It is only fair that plaintiff's counsel have some idea of the nature and extent of the net worth of the defendants going into the trial; moreover, if the documentation presented is deficient, Plaintiff's counsel

should have the means to correct that before trial. Counsel is prohibited from revealing the contents of the documents to any other person or entity, including Plaintiff.  Plaintiff's counsel is ordered to treat the information as strictly confidential until such time as it is received into evidence at the trial.  If and when the evidence is ruled admissible at trial, defendants will be required to have available an updated financial statement for introduction into evidence.  If at any point it is determined that this confidential information is disseminated beyond plaintiff's attorneys, sanctions may be imposed for failure to comply with this Order. Accordingly,  it is ORDERED

That plaintiff's motion to reopen discovery for the limited purpose of obtaining financial information is GRANTED with the conditions as described above

This the 28th day of July, 2008.

     /s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE