IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| ADAM GROSCH | PLAINTIFF |
| VS. | NO. 2:06CV204-P-A |
| TUNICA COUNTY, MISSISSIPPI, TUNICA COUNTY SHERIFF'S DEPUTY DORNAE MOSBY, AND HWCC-TUNICA, INC. | DEFENDANTS |

### MOTION FOR REVIEW OF, AND OBJECTIONS TO PLAINTIFF'S BILL OF COSTS

COMES NOW HWCC-Tunica, Inc., one of the defendants herein, by and through counsel, and for the reasons set forth herein objects to Plaintiff's Bill of Costs submitted under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §1920:

I.

While Federal law provides for, and generally anticipates, the assessment of costs in favor of the prevailing party, the trial court has discretion to deny or reduce the requested costs under a number of circumstances. *See Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235 (1964); *Southprint, Inc. v. H3, Inc.,* 2005 U.S.Dist. LEXIS 2907,*6 (W.D.Va. 2005); *Pickens v. GRL. Constructors, Inc.*, 196 F.R.D. 69, 75 (S.D. Ohio 2000). In *Farmer,* the United States Supreme Court offered the following guidance:

> We do not read that rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. … Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.

II.

The general statutory authorization for the taxation of costs as contained in 28 U.S.C.

§1920 which reads in its entirety as follows:

> §1920. Taxation of costs. A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials when the copies are necessarily obtained for use in the case; (5) Docket fees under §1923 of this title [28 USC §1923]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title [28 USC §1828]. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

### III.

Consistent with United States Supreme Court's cases, the trial court has the authority to deny any costs on equitable grounds. The circumstances of the present case which warrant the denial of Plaintiff's Bill of Costs include the following: (a) the taxable expenditures were unnecessary to the case; (b) the case was close and difficult; (c) Hollywood acted reasonably and in good faith in defending this action; (d) Hollywood conducted the case with propriety. *See Pickens v. GRL Constructors, Inc.*, 196 F.R.D. 69, 75 (S.D. Ohio 2000). Closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case. *Id. at 73*.

### IV.

If costs be awarded, any such award should generally be limited to those specifically allowed by statute as construed by the courts. In submitting his Bill of Costs, Plaintiff has failed to comply with the requirements of these applicable federal authorities. Instead, Plaintiff has

submitted a request for all of his transcript costs, including the costs of depositions obtained solely for discovery, investigation or counsel's convenience.

V.

Based on the information provided in the Bill of Costs, most of Plaintiff's costs are not recoverable costs or were incurred for plaintiff, his witnesses, or counsel's convenience. Further, Plaintiff's Bill of Costs, as submitted, does not provide the Court with the minimal information necessary to make a proper determination of the propriety of the requested costs under the applicable rules and statutes or in the exercise of the Court's discretion. Accordingly, all costs requested in the Bill of Costs should be denied.

VI.

Without regard to the deposition transcript costs requested, plaintiff has not provided the court with a proper basis for awarding those costs in this matter. The Plaintiff's declaration submitted in support of the taxation of the expenses claimed in the Bill of Costs merely states that the "deposition transcripts were used to prepare for the testimony of each of these witnesses and to aid in the examination of most of them, and were necessarily obtained for use in the case." This is not sufficient to support the taxation of these expenses as costs under federal law. *Fogleman v. Aramco,* 920 F.2d 278, 285 (5th Cir. 1991) (Discovery deposition and deposition taken for mere convenience of counsel is not a taxable cost); *Owens v. Excel Management Service*, 2004 U.S. Dist. LEXIS 28670 *3; *Mississippi Chemical Corp. v. Dresser - Rand Co.,* 2000 U.S. Dist. LEXIS 21965, *33 (S.D. Miss. Sept. 12, 2000) (Claims that a document was "necessarily obtained for use in the case" without supporting evidence of relevance, is insufficient to justify an award of costs); *Fulton Federal Savings and Loan v. American Ins. Co.,* 143 F.R.D. 292, 300

3

(N.D. Ga. 1991).

VII.

Notwithstanding this facial deficiency, Hollywood does not object to the fees of the clerk requested by plaintiff. Likewise, Hollywood does not object to the deposition of Danny Joe Taylor which was taken for trial purposes or the deposition of Dornae Mosby, except to the extent it was not itemized, which was used for impeachment at the trial.[1] In all other regards, defendant objects to the Bill of Costs for the reasons stated below.

VIII.

Hollywood objects to an award of costs of all transcript costs other than the costs of depositions used at trial. Those costs include the following:

>       Depositions taken October 16, 2007
>       Court Reporter Karen Reid
>               Adam Grosch (93 total pages)
>               Dornae Mosby (57 total pages)
>               Ricky Ray (24 total pages)
>               Expense claimed as costs $532.00
>
>       Depositions taken October 17, 2007
>       Court Reporter Michelle Brown
>               Roberta Horton (62 total pages)
>               Lisa Ratliff (48 total pages)
>               Bayless O. Wheeler (33 total pages)
>               Cindy Smart (10 total pages)
>               Joseph Stronski (42 total pages)
>               Expense claimed as costs: $786.00

Before deposition costs can be awarded, the court should determine if the specific deposition was necessarily obtained for use in the case, "and not taken merely for investigation,

---

[1] As set forth below, Dornae Mosby's deposition transcript costs have not been itemized and it is impossible for the Court to determine its cost with the information provided by the plaintiff.

discovery, or convenience of counsel." *Fogleman v. Aramco,* 920 F.2d 278, 285 (5th Cir. 1991); *Mississippi Chemical Corp. v. Dresser - Rand Co.,* 2000 U.S. Dist. LEXIS 21965, *35 (S.D. Miss. September 12, 2000); *Todd Shipyards Corp. v. Turbine Service, Inc.*, 592 F.Supp. 380, *Aff'd in part, reversed in part on other grounds*, 763 F.2d 745 (5th Cir. 1984). A bald assertion that the deposition was necessarily obtained for use in the case is not adequate to meet this requirement. *Mississippi Chemical Corp. v. Dresser - Rand Co.,* 2000 U.S. Dist. LEXIS 21965, *33 (S.D. Miss. Sept. 12, 2000).

      The transcript charges in the Bill of Costs do not meet the requirements set forth above. First, the costs of the depositions are not itemized per deposition and it is impossible to determine the costs of each deposition as itemized by the plaintiff. Second, the itemization provided by the plaintiff does not break down the amounts charged for unrecoverable costs such as condensed versions, floppy or CD versions, or unnecessary exhibit costs. Third, the plaintiff should have specified the witness testimony that was necessary for trial to make it possible for the court to make the determination that the transcribed testimony was not obtained merely for discovery or convenience of counsel; nevertheless, it is clear that the plaintiff has included all transcript costs paid for any reason.

      A.   <u>Transcript costs of Adam Grosch</u>.

      Defendants took the deposition of Adam Grosch. No explanation has been offered as to why the plaintiff needed a copy of his own deposition for trial. Absence any explanation of why this deposition was necessarily obtained for use in the case there are no taxable costs. *Mississippi Chemical Corp. v. Dresser - Rand Co.,* 2000 U.S. Dist. LEXIS 21965, *35-36 (S.D. Miss. Sept. 12, 2000). Plaintiff did not use his deposition at trial.

B.    Transcript costs for Dornae Mosby.

Mr. Mosby's deposition was used at trial by the plaintiff for impeachment purposes; however, plaintiff has not provided an individual itemized cost for Mr. Mosby's transcript. Instead, it is included in the $532.00 itemization for the depositions taken by Court Reporter Karen Reid which include depositions for Adam Grosch, Dornae Mosby and Ricky Ray.

C.    Transcript Costs for Roberta Horton, Lisa Ratliff, Bayless O. Wheeler, Cindy Smart and Joseph Stronski

With regard to the depositions taken by Court Reporter Michelle Brown on October 17, 2007, including the depositions of Roberta Horton, Lisa Ratliff, Bayless O. Wheeler, Cindy Smart and Joseph Stronski, no explanation has been offered that these depositions were taken for any reason other than discovery or for the convenience of counsel. None of the aforesaid depositions were offered at trial or used for impeachment. Again, absent any explanation of why these deposition copies were necessarily obtained for use in the case they are not taxable costs. *Mississippi Chemical Corp. v. Dresser - Rand Co.,* 2000 U.S. Dist. LEXIS 21965, *35-36 (S.D. Miss. Sept. 12, 2000).

IX.

Based on the foregoing, Hollywood objects to all transcript costs billed by these sources subject to the submission of appropriate documentation and evidence of allocation with regard to the deposition transcript of Dornae Mosby. The remaining transcript costs, other than the costs for the video deposition of Danny Joe Taylor are not recoverable as costs.

X.

For the reasons set forth above, none of the claimed costs for the depositions taken by

6

Michelle Brown should be taxed in this matter against Hollywood. Furthermore, plaintiff has failed to make an itemization of the transcript costs of Dornae Mosby, to the extent it was necessary for the trial of this matter. Accordingly, the costs for the transcripts of the Court Reporter Karen Reid should be denied unless an allocation for the transcript cost of Dornae Mosby is submitted. If costs are to be taxed at this time, under applicable case law, the only costs which the Bill of Costs support at this time are the following:

| | |
|---|---|
| Fees of the clerk | $350.00 |
| Video deposition of Danny Joe Taylor | $160.00 |
| Total: | $510.00 |

WHEREFORE, PREMISES CONSIDERED, defendant, HWCC-Tunica, Inc., respectfully requests the court to deny the requested costs in their entirety, or alternatively, to amend the Bill of Costs to reflect some or all of the costs specified above as the only recoverable costs in this action.

Respectfully submitted,

HWCC–TUNICA, INC.

BY: /s/ Terry D. Little
OF COUNSEL

WILTON V. BYARS, III, ESQ. - MS BAR #9335
wbyars@danielcoker.com
TERRY D. LITTLE, ESQ. - MS BAR #99194
tlittle@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

**CERTIFICATE OF SERVICE**

     I hereby certify that on February 24, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

    Robert B. McDuff, Esq.
    767 North Congress Street
    Jackson, MS 39202

    A. Randall Harris, Esq.
    P.O. Box 2332
    Madison, MS 39130-2332

    John S. Hill, Esq.
    Mitchell, McNutt & Sams, P.A.
    105 South Front Street
    P.O. Box 7120
    Tupelo, MS 38802-7120

    Alfred T. Tucker, III, Esq.
    P.O. Box 68
    Tunica, MS 38678-0068

    /s/ Terry D. Little
    TERRY D. LITTLE